UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Antonio TREJO BLANCO,<br><br>                                    Petitioner,<br><br>v.<br><br>Alejandro MAYORKAS,<br><br>                                  Respondent. | Case No.: 25-cv-3778-AGS-AHG<br><br>**ORDER DISMISSING PETITION AT SCREENING WITH LEAVE TO AMEND AND DENYING MOTION FOR RELEASE (ECF 2)** |

      Petitioner Kevin Trejo Blanco seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). So "long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

      But Trejo Blanco has named an inappropriate party—the former Secretary for the Department of Homeland Security—as the respondent, so his petition must be dismissed. "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024) ("affirm[ing] the application of the immediate custodian" rule to "habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees" and ruling a district court cannot consider a misnamed petition). As written, this petition has no possible merit.

Even if he had named the correct respondent, though, his motion for immediate release (*see* ECF 2), or a "temporary restraining order" in the language of the federal rules, would be meritless. *See* Fed. R. Civ. P. 65. A temporary restraining order, like all injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Trejo Blanco would need to clearly demonstrate, among other things, that "he is likely to succeed on the merits." *See id.* at 20. But he has not. His petition and motion simply state that he's been in immigration detention since "October 21, 2025," and that he's "not subject to a final order of removal." (ECF 1, at 1; *see* ECF 2, at 1.) But his pleadings are devoid of any details about how he came to be in immigration detention, which has a substantial impact on which statutory detention scheme he falls under. *Compare* 8 U.S.C. § 1225(b) (providing for mandatory detention without bond in certain circumstances); *with* 8 U.S.C. § 1226(a) (authorizing detention with the possibility of bond or conditional parole); *id.* § 1226(c) (denying bond to certain categories of aliens). Without more detail, Trejo Blanco has come nowhere near a clear showing of likelihood of success on the merits.

By **January 23, 2026**, Trejo Blanco must file any amended petition, remedying the deficiencies identified in this order. The amended petition must be complete in itself and may not reference or incorporate any other prior filings. Failure to timely file an amended petition will result in dismissal of this case.

Dated:  December 29, 2025

_____
Hon. Andrew G. Schopler
United States District Judge